JOSEPH D. GEBHARDT and SUSAN K. GEBHARDT, Plaintiffs-Appellees,
v.
THE CHURCH OF HAWAII NEI, Defendant-Appellant, and CITY AND COUNTY OF HONOLULU, a municipal corporation of the State of Hawai`i, Defendant-Appellee, and DOCTOR NUI LOA PRICE, aka MAUI LOA; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants
No. 28481
Intermediate Court of Appeals of Hawaii.
July 23, 2009.
On the briefs:
André S. Wooten, for Defendant-Appellant.
Duane W. H. Pang, Deputy Corporation Counsel, City and County of Honolulu, for Defendant-Appellee.
Karen J. Lee, for Plaintiffs-Appellees.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY, FUJISE, JJ.
Defendant-Appellant The Church of Hawaii Nei (TCHN) appeals from the "Plaintiffs' Judgment Based Upon Order Granting, in Part, and Denying, in Part, Plaintiffs Joseph D. Gebhardt and Susan K. Gebhardt's [(collectively, the Gebhardts)] Motion for Summary Judgment Filed on April 25, 2006 and for Interlocutory Decree of Foreclosure" (judgment) entered by the Circuit Court of the First Circuit[1] (circuit court) pursuant to Hawai`i Rules of Civil Procedure Rules 54(b) (1999) and 58 (1990) on March 9, 2007.
The judgment incorporated the circuit court's "Order Granting, in Part, and Denying, in Part, [the Gebhardts'] Motion for Summary Judgment Filed on April 25, 2006 and for Interlocutory Decree of Foreclosure" (summary judgment order), also entered by the circuit court on March 9, 2007. The summary judgment order (1) determined that TCHN and Defendant Doctor Nui Loa Price, also known as Maui Loa, (Price) were in default under a promissory note and purchase-money real-property mortgage held by the Gebhardts on property located in Hale`iwa, Hawai`i (the property); (2) ordered that the mortgage be foreclosed and the property sold at public auction; (3) appointed a commissioner to sell the property; (4) set forth various terms and conditions of the sale; and (5) declared that the Gebhardts would be entitled to a deficiency judgment if the sale did not satisfy the mortgage debt. The summary judgment order denied that part of the Gebhardts' motion for summary judgment that requested that upon foreclosure, the property be conveyed to the Gebhardts free and clear of all liens, such as the City and County of Honolulu's (County) lien for delinquent real-property taxes owed by TCHN and Price on the property.
On appeal, TCHN alleges that the circuit court erred[2] in (1) entering the summary judgment order; (2) filing a notice of entry of judgment based on the summary judgment order; (3) entering a February 19, 2008 order denying TCHN's motion for injunctive relief to evict a hold-over tenant; and (4) granting the County's motion for summary judgment because the County's denial of TCHN's conditional use application was "arbitrary[,] capricious[,] and discriminatory" and the County's "[s]ummary [j]udgment [m]otions, liens and [f]oreclosure actions [were] designed to violate [TCHN's] rights to religious [f]reedom."
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised by the parties, we disagree with TCHN's first two arguments on appeal.

A.
TCHN argues that the circuit court erred in granting summary judgment in favor of the Gebhardts because TCHN was not behind in its mortgage payments at the time the complaint was filed or at the time of the hearing on the motion for summary judgment.
The record reflects, however, that on September 23, 2003, Price and TCHN executed a promissory note in favor of the Gebhardts, which provided, in relevant part, as follows:
3. PAYMENTS. I will pay principal and interest by making payments every month in the amount of TWO THOUSAND FOUR HUNDRED NINETY-SIX AND NO/100 DOLLARS (U.S. $2,496.00).
I will make my monthly payments on the FIRST day of each month beginning on November 1, 2003 until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If on December 31, 2005, I have not paid all monies I owe under this Note, I will pay all principal, interest and any other charges that I may owe, in full, on that date.
(Emphasis added.) Under the promissory note, therefore, TCHN was obligated to pay the Gebhardts $2,496.00 per month for twenty-six months, with the balance of the $282,000.00 loan due on December 31, 2005.
The record further indicates that when the loan to TCHN matured on December 31, 2005, TCHN failed to pay the balance of the loan in full. On January 12, 2006, the Gebhardts, through their attorney, sent TCHN a notice of default under the promissory note and demanded payment in full of the principal balance and attorney's fees, which amounted to $256,682.22. When TCHN did not cure its default, the Gebhardts filed this action on April 4, 2006.
In Mednick v. Davey, 87 Hawai`i 450, 456, 959 P.2d 439, 445 (1998), this court explained that the burden of the party moving for summary judgment includes two components:
First, the moving party has the burden of production. That is, the moving party must produce support for its claim that (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law.
. . . .
Second, the moving party has the ultimate burden of persuasion. That is, the moving party must convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.
(Formatting altered.) (Citations, internal quotation marks, and ellipsis omitted.) Furthermore,
[w]here the moving party is the plaintiff, who will ultimately bear the burden of proving plaintiff's claim at trial, the plaintiff must establish, by the quantum of evidence required by the applicable substantive law, each element of its claim for relief. That is, the plaintiff must establish as a matter of law each element of its claim for relief by the proper evidentiary standard applicable to that claim.
Id. (footnote omitted). On appeal, the court engages in a three-step analysis:
First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond.
Secondly, we determine whether the moving party's showing has established [the material] facts which justify a judgment in movant's favor. The motion must stand self-sufficient and cannot succeed because the opposition is weak.
. . . .
When a plaintiff's summary judgment motion prima facie justifies a judgment on the plaintiff's claims, the third and final step is to determine (1) whether the opposition has demonstrated the existence of a triable, material factual issue on the plaintiff's claims, or (2) if the opposition has adduced evidence of material facts which demonstrate the existence of affirmative defenses that would defeat the plaintiff's claim, whether the plaintiff has demonstrated conclusively the non-existence of such facts. Counter-affidavits and declarations need not prove the opposition's case; they suffice if they disclose the existence of a triable issue.
Id. at 457, 959 P.2d at 446 (citations, internal quotation marks, footnote, and ellipsis omitted) (brackets in original).
This court stated in Indymac Bank v. Miguel, 117 Hawai`i 506, 520, 184 P.3d 821, 835 (App. 2008), that pursuant to Hawaii Revised Statutes § 667-1 (1993), "where a mortgagor defaults in payment of a debt secured by a mortgage, '[t]he circuit court may assess the amount due upon [the] mortgage . . . and shall render judgment for the amount awarded, and the foreclosure of the mortgage.'" (Brackets in original.) We further stated that
[a] foreclosure decree is only appropriate where all four material facts have been established: "(1) the existence of the Agreement, (2) the terms of the Agreement, (3) default by [borrower] under the terms of the Agreement, and (4) the giving of the cancellation notice and recordation of an affidavit to such effect."
Id.
Pursuant to Mednick and Indymac Bank, the Gebhardts met their burdens of production and persuasion and established a prima facie case for foreclosure. It was therefore incumbent on TCHN to demonstrate "the existence of a triable, material factual issue on the plaintiff's claims[.]" Mednick, 87 Hawai`i at 457, 959 P.2d at 446. TCHN failed to do this. Its argument that it was "current with it's [sic] mortgage payments, [and was] also paying about $1000 a month in principal each month" is irrelevant to the issue of whether TCHN defaulted on its promissory note and mortgage because regardless of whether TCHN had dutifully made payments, the entire balance of the loan was due on December 31, 2005. The circuit court therefore did not err in granting summary judgment for the Gebhardts and entering the judgment pursuant to the summary judgment order.

B.
TCHN did not file a notice of appeal challenging the circuit court's February 19, 2008 order denying TCHN's November 20, 2007 motion for injunctive relief. Therefore, we lack jurisdiction to consider TCHN's third argument on appeal.

C.
Similarly, we lack appellate jurisdiction to consider TCHN's fourth argument because TCHN did not file a notice of appeal challenging the summary judgment order entered in favor of the County.
In light of the foregoing discussion, we affirm the circuit court's March 9, 2007 (1) summary judgment order, and (2) judgment in favor of the Gebhardts.
NOTES
[1] The Honorable Karen N. Blondin presided.
[2] The points of error alleged on pages 22-23 of TCHN's opening brief are different from the "Statement of the Questions Presented" on pages 24-25 of the opening brief. Since Hawai`i Rules of Appellate Procedure Rule 28(b)(4) requires that an opening brief include "[a] concise statement of the points of error" and not a "statement of the questions presented[,]" we address in this summary disposition order, TCHN's points of error.